UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CALVIN G. SEWELL,

        Plaintiff,

        v.

ANHEUSER-BUSCH INBEV, *et al.*,[1]

        Defendants.

21-CV-771-LJV-LGF
DECISION & ORDER

---

On June 25, 2021, the *pro se* plaintiff, Calvin G. Sewell, commenced this action

alleging that beer produced by the defendants caused his colon cancer.  *See* Docket

Item 1; Docket Item 14 (amended complaint).

On May 18, 2023, defendant Anheuser-Busch InBev NA/SV ("A-B InBev") moved

to dismiss the claims against it for insufficient service of process and lack of personal

jurisdiction.  Docket Item 29.  Counsel for A-B InBev also moved to dismiss the claims

against defendant "Anheuser Busch Worldwide, Inc." ("A-B Worldwide") for the same

reasons, stating that there is no such company.  Docket Item 29-1 at 5-6.  The third

defendant, Anheuser-Busch, LLC ("A-B LLC"), answered Sewell's complaint.  Docket

Item 30.

---

[1] The amended complaint names as defendants "Anheuser-Busch Inbev"; "Anheuser Busch, LLC Company"; and "Anheuser Busch Worldwide, Inc."  *See* Docket Item 14 at 1-2.  But the first two defendants' names are "Anheuser-Busch InBev NA/SV," *see* Docket Item 29, and "Anheuser-Busch, LLC," *see* Docket Item 30.  The Clerk of the Court shall correct the docket accordingly.

After Sewell failed to respond to the motion to dismiss, this Court ordered him to

show cause by September 25, 2023, why it should not decide A-B InBev's motion based

on the papers currently before it.  Docket Item 38.  Sewell responded by asking this

Court to appoint him counsel, stating that "[he is] illiterate" and that "[his] failure to

respond [was] due to [his] lack of knowledge" of "complex civil law."  Docket Item 41.

This Court denied Sewell's motion without prejudice.  Docket Item 43.  It explained that

at the current stage of the case—before deciding a motion to dismiss that raised

threshold procedural and jurisdictional questions—the Court could not find that Sewell's

position was "likely to be of substance" and that the appointment of counsel therefore

might be warranted.  *Id.* (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir.

1986)).  But in light of Sewell's request for counsel, the Court afforded him one final

opportunity to respond to A-B InBev's motion to dismiss.  *Id.*

Despite that extension, Sewell did not respond to the motion to dismiss—nor has

he filed anything else in this case—and the time to do so now has expired.  *See id.*  The

Court therefore addresses A-B InBev's motion to dismiss, and for the reasons that

follow, grants that motion because it lacks personal jurisdiction over A-B InBev and A-B

Worldwide.[2]

---

[2] Because the Court holds that it lacks personal jurisdiction over A-B InBev and
A-B Worldwide, it does not reach A-B InBev's argument that the claims against those
defendants also should be dismissed for insufficient service of process.  *See* Docket
Items 29 and 29-1.

## BACKGROUND[3]

Sewell, who is in his sixties, has a history of alcohol use.  *See* Docket Item 14 at

11-18 (Sewell's medical records attached to amended complaint).  In March 2019, while

he was drinking a "can of [Natural Ice] beer,"[4] *id.* at 4, he "discovered" that there was "a

coin"—specifically, a "dime"—inside the can, and he "was [told] to go to the emergency

room[],[ ]which [he] did."  *Id.* at 4-5.  He has since been diagnosed with terminal stage 4

colon cancer and has been receiving treatment ever since.  *Id.* at 5.

---

[3] The following facts are taken from the amended complaint, including its attached exhibits, Docket Item 14, as well as the affidavit submitted by A-B InBev, Docket Item 29-3.  *See L-7 Designs, Inc. v. Old Navy*, *LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (stating that "[a] complaint is . . . deemed to include any written instrument attached to it as an exhibit"); *Jonas v. Est. of Leven*, 116 F. Supp. 3d 314, 323 (S.D.N.Y. 2015) ("In deciding a motion to dismiss a complaint for want of personal jurisdiction, the district court may consider materials outside the pleadings, including affidavits and other written materials." (citing, *inter alia*, *MacDermid, Inc. v. Deiter*, 702 F.3d 725, 727 (2d Cir. 2012)).  Some capitalization has been omitted in quotes taken from the complaint.

When a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2) is "decided on the basis of affidavits and other written materials," as opposed to an evidentiary hearing, the court accepts as true "[t]he allegations in the complaint . . . to the extent they are uncontroverted by the defendant's affidavits."  *MacDermid*, 702 F.3d at 727 (citation omitted).  In addition, it "construe[s] the pleadings and affidavits in the light most favorable to [the] plaintiff[], resolving all doubts in [that party's] favor."  *Chloé v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir. 2010) (citation omitted). And where, as here, the plaintiff is proceeding *pro se*, his "submissions . . . [are] construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (citation, emphasis, and internal quotation marks omitted).

[4] Sewell's amended complaint refers to the beer that allegedly caused his cancer as "Natural Ice" beer, *see* Docket Item 14 at 4, 7; the affidavit submitted by A-B InBev refers to the brand as "Natural Light," *see* Docket Item 29-3 at ¶ 5.  But that discrepancy is irrelevant to the Court's determination of the pending motion.

Sewell alleges that his cancer was caused by the "Natural Ice beer products" that are "manufactur[ed]," "dispens[ed]," and "sold" by the three defendants: A-B InBev, A-B Worldwide, and A-B LLC.[5]  *See id.* at 2, 7; *see also id.* at 7 (stating that "the acts of negligence committed by [the] defendants . . . caused [Sewell] to contract stage 4 cancer").  With respect to A-B InBev in particular, Sewell says both that it "manufacture[s] and own[s]" the brand of beer that caused his cancer, *id.* at 4, and that it is the "owner[] of [the] beer[-]selling company," *id.* at 3.  He notes that alcohol and nickel—one of the metals that a dime is made of—are carcinogenic.  *Id.* at 4-6.  And he says that the defendants' "beer products do not contain any appropriate warnings" about that potential cancer risk.  *See id.* at 2, 5, 9.  Sewell seeks 20 million dollars in compensatory and punitive damages.  *Id.* at 5.

According to an affidavit submitted by A-B InBev Vice President of Corporate Thomas Larson, who has "personal knowledge of the corporate structures and operations of both A-B InBev and A-B [LLC], as well as their related corporate entities," A-B InBev is "a foreign corporation organized under the laws of Belgium and headquartered in Leuven, Belgium."  Docket Item 29-3 at ¶¶ 1-3.  It also is "the indirect corporate parent of" A-B LLC.  *Id.* at ¶ 3.  A-B InBev "does not manufacture or sell beer," and it "is not licensed [to do so] in the State of New York."  *Id.* at ¶ 6.  Instead, it "owns subsidiaries that own subsidiaries that manufacture and sell beer."  *Id.*  One such

---

[5] Sewell's amended complaint does not clearly define the role that each defendant played in the events described; he often refers to the defendants interchangeably and collectively.  *See* Docket Item 14.  But in light of his *pro se* status and this Court's obligation to construe his claims "liberally," *see Triestman*, 470 F.3d at 474, the Court interprets his amended complaint as raising all claims against each of the three defendants.

subsidiary, A-B LLC, is "headquartered in St. Louis, Missouri"; "manufacture[s] . . . Natural Light beer"; and "owns the [Natural Light] brand." *Id.* at ¶¶ 3, 5. Larson's affidavit further states that the other defendant named here—A-B Worldwide—is "non-existent." *Id.* at ¶ 4. That is, "[a]lthough some [Anheuser-Busch-]related entities have the word 'worldwide' in their name[s], there is no corporate entity related to A-B InBev or A-B [LLC] named 'Anheuser[ ]Busch Worldwide, Inc.'" *Id.*; *see* Docket Item 14 at 1.

## LEGAL PRINCIPLES

Under Federal Rule of Civil Procedure 12(b)(2), a party may move to dismiss the complaint for lack of personal jurisdiction. Once such a motion is made, "[t]he plaintiff bears the burden of establishing that the court has jurisdiction over the defendant." *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001). "The showing a plaintiff must make to meet that burden is governed by a 'sliding scale,' which 'varies depending on the procedural posture of the litigation.'" *Grp. One Ltd. v. GTE GmbH*, 523 F. Supp. 3d 323, 331 (E.D.N.Y. 2021) (second set of internal quotation marks omitted) (quoting *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84 (2d Cir. 2013)).

"At the pleading stage—and prior to discovery—a plaintiff need make only a prima facie showing that jurisdiction exists." *Krisko v. Marvel Ent., LLC*, 473 F. Supp. 3d 288, 297 (S.D.N.Y. 2020) (citations and italics omitted). That is, "a plaintiff need only plead 'an averment of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant.'" *Grp. One Ltd.*, 523 F. Supp. 3d at 332 (quoting *Holmes v. Apple Inc.*, 797 F. App'x 557, 559 (2d Cir. 2019)). But "[t]he allegations in the complaint must be taken as true [only] to the extent they are

uncontroverted by the defendant's affidavits."  *MacDermid, Inc. v. Deiter*, 702 F.3d 725, 727 (2d Cir. 2012) (citation omitted).  Further, "the allegations must be more than 'conclusory statement[s]' and must state specific 'facts supporting th[e] conclusion' that jurisdiction is proper."  *Kaplan Grp. Invs. LLC v. A.S.A.P. Logistics Ltd.*, 694 F. Supp. 3d 374, 383 (S.D.N.Y. 2023) (alterations in original) (quoting *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 184 (2d Cir. 1998)).

## DISCUSSION

A-B InBev has moved to dismiss the claims against itself and A-B Worldwide for lack of personal jurisdiction.  Docket Item 29-1 at 9-12.  In essence, it says that the third defendant—A-B LLC—is the correct defendant and that of the two others, one does not exist and the other is not subject to the jurisdiction of this Court.  *See id.*

"There are two types of personal jurisdiction: specific jurisdiction and general jurisdiction."  *In re Platinum & Palladium Antitrust Litig.*, 61 F.4th 242, 269 (2d Cir. 2023) (citing *Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*, 582 U.S. 255, 262 (2017)), *cert. denied sub nom. BASF Metals Ltd. v. KPFF Inv., Inc.*, 144 S. Ct. 681 (2024).  "Specific jurisdiction exists when a court 'exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contact with the forum,' and general jurisdiction 'is based on the defendant's general business contacts with the forum state and permits a court to exercise its power in a case where the subject matter of the suit is unrelated to those contacts.'"  *Id.* (quoting *SPV OSUS, Ltd. v. UBS AG*, 882 F.3d 333, 343 (2d Cir. 2018)).

"[I]n resolving questions of personal jurisdiction in a diversity action, a district court must conduct a two-part inquiry."[6]  *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996).  "First, the court must determine whether personal jurisdiction is appropriate" under the law of the state in which the court sits—here, New York.  *Kaplan Grp.*, 694 F. Supp. 3d at 383; *see Spetner v. Palestine Inv. Bank*, 70 F.4th 632, 639 (2d Cir. 2023) (explaining that "Federal Rule of Civil Procedure 4(k)(1)(A) permits a federal court to exercise personal jurisdiction over a defendant to the extent allowed by the law of the state in which it sits").  "[S]econd," the court must "evaluate whether [its] exercise of personal jurisdiction comports with the Fifth Amendment's Due Process Clause."  *Kaplan Grp.*, 694 F. Supp. 3d at 383 (citing *Chloé v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163-64 (2d Cir. 2010)).

This Court therefore considers whether it may exercise personal jurisdiction over A-B InBev and A-B Worldwide under New York law.

## I.     GENERAL JURISDICTION

Under N.Y. C.P.L.R. § 301, "New York courts may exercise general jurisdiction over a foreign"—that is, an "out-of-state"—"corporation where that corporation is engaged in such a continuous and systematic course of doing business [in the state] . . .

---

[6] Sewell says that this Court has both "diversity jurisdiction" as well as "federal question jurisdiction under 42 U.S.C. § 1983" over this action.  Docket Item 14 at 5.  But "[t]o state a valid claim under [section 1983], the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States."  *Whalen v. Cnty. of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997).  And the amended complaint contains no allegations suggesting that any of the defendants were "acting under color of state law."  *See generally* Docket Item 14.  The Court therefore treats the amended complaint as invoking this Court's diversity jurisdiction.  *See id.*; *see also* note 7, *infra*.

as to warrant a finding of [the corporation's] presence in th[at] jurisdiction." *USA ex rel. Calderon v. Bank of Am.*, 2022 WL 17418719, at *2 & n.1 (S.D.N.Y. Nov. 4, 2022) (alteration in original) (footnote omitted) (quoting *JW Oilfield Equip., LLC v. Commerzbank, AG*, 764 F. Supp. 2d 587, 592-93 (S.D.N.Y. 2011)).  "Generally, '[a]side from the truly exceptional circumstances, a corporation is at home and subject to general [personal] jurisdiction only in its place of incorporation or principal place of business.'"  *Id.* at *2 (alterations in original) (citing *SPV OSUS*, 882 F.3d at 343).

Sewell has not alleged that either A-B InBev or A-B Worldwide has contacts with New York such that it is essentially "at home" in that state.  In fact, the amended complaint treats all defendants as out-of-state entities.[7]  *See* Docket Item 14 at 1, 5. What is more, it does not even suggest that A-B InBev or A-B Worldwide has a "principal place of business" in—or any kind of "continuous" or "systematic" relationship with—New York State.  *See generally id.*; *Calderon*, 2022 WL 17418719, at *2.

At most, the amended complaint—liberally construed—suggests that A-B InBev and A-B Worldwide "manufactured" or "sold" beer in New York or "owned" the company that did so.  *See* Docket Item 14 at 2-8.  But such an allegation, standing alone, does

---

[7] Sewell, a New York resident, provides Missouri addresses for all three defendants, Docket Item 14 at 1, 3, and seeks to invoke this Court's diversity jurisdiction, thus suggesting that none of the three defendants are citizens of New York, *id.* at 5; *see* 28 U.S.C. § 1332(a) (stating that federal courts have diversity jurisdiction over lawsuits "between . . . citizens of different [s]tates" as well as between "citizens of a [s]tate and citizens or subjects of a foreign state"); *see also id.* § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every [s]tate and foreign state by which it has been incorporated and of the [s]tate or foreign state where it has its principal place of business").  For its part, A-B InBev says that neither it nor A-B Worldwide has a Missouri address because A-B InBev is "headquartered in Belgium and is a Belgian company" and A-B Worldwide does not exist.  Docket Item 29-3 at ¶¶ 4, 7.  But the parties agree that none of the defendants are citizens of New York.

not show that either A-B InBev or A-B Worldwide "continuous[ly] and systematic[ally]" conducted business in New York such that either was essentially "at home" here or that any "exceptional circumstance" renders the exercise of general jurisdiction nonetheless appropriate.  *See Calderon*, 2022 WL 17418719, at *3 (holding that court could not exercise general jurisdiction over out-of-state corporation where "[the p]laintiff fail[ed] to allege any facts suggesting that [the corporation] . . . engaged in any continuous and systematic course of business[] or any exceptional circumstances[] that would warrant a finding of [the corporation's] being present in [New York]"); *Kaplan Grp.*, 694 F. Supp. 3d at 383 (explaining that to survive a motion to dismiss for lack of personal jurisdiction, the plaintiff must "state specific 'facts supporting th[e] conclusion' that jurisdiction is proper" (alteration in original) (quoting *Jazini*, 148 F.3d at 184)).

And even if the amended complaint's allegations were enough to satisfy Sewell's prima facie burden to show general jurisdiction, Larson's affidavit directly contradicts those allegations.  That is, Larson says that A-B InBev is "organized under the laws of" and "headquartered" in Belgium; "does not manufacture or sell beer"; and is not "licensed" to do so in New York.  Docket Item 29-3 at ¶¶ 3, 6.  He also says that A-B Worldwide does no business whatsoever—in New York or anywhere else—because it does not exist.  *Id.* at ¶¶ 4-5.

The Court therefore does not have general jurisdiction over either A-B InBev or A-B Worldwide.[8]  Indeed, because Sewell has not submitted affidavits or other evidence

---

[8] New York courts may exercise general jurisdiction over a corporation based on its relationship with a subsidiary over which the Court has general jurisdiction.  *See Jazini*, 148 F.3d at 184 (explaining that while "the presence of [a] subsidiary alone does not establish the parent's presence in the state," a court may have general jurisdiction over the parent where the "subsidiary [is] either [the parent's] 'agent' or [its] 'mere

of his own contesting A-B InBev's showing—by an affidavit of one of its officers—that A-

B Worldwide does not exist, the Court cannot exercise personal jurisdiction of any sort

over A-B Worldwide.  But because it might have specific jurisdiction over A-B InBev, the

Court next turns to that issue.

## II.      SPECIFIC JURISDICTION

New York law also allows courts to exercise specific jurisdiction over certain out-

of-state defendants.  More specifically, "N.Y. C.P.L.R. § 302(a), New York's long-arm

statute, permits the exercise of personal jurisdiction over a non-domiciliary . . . only if"

that defendant:

> (1) "transacts any business within the state or contracts anywhere to supply goods or services in the state"; (2) "commits a tortious act within the state"; (3) "commits a tortious act without the state causing injury to person or property within the state . . . if he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international

department'" (citation omitted)).  A-B InBev is the "indirect corporate parent" of A-B LLC. Docket Item 29-3 at ¶ 3.  But the amended complaint contains no allegations suggesting that this Court has general jurisdiction over A-B LLC.  *See* Docket Item 14.  More specifically, Sewell's amended complaint provides a Missouri address for A-B LLC; treats it as an out-of-state corporation in invoking this Court's diversity jurisdiction; and nowhere alleges that the company is incorporated in or has its principal place of business in New York.  *See id.*; *see also* note 7, *supra*.  So because this Court lacks general jurisdiction over A-B LLC, it need not consider whether that company is an "agent" or "mere department" of A-B InBev in assessing whether it has general jurisdiction over the latter.

commerce"; or (4) "owns, uses[,] or possesses any real property situated within the state."

*Holland v. Lions Gate Ent. & Films*, 2024 WL 1925424, at \*17 (S.D.N.Y. May 2, 2024) (alteration in original) (quoting N.Y. C.P.L.R. § 302(a)(1)-(4)), *report and recommendation adopted*, 2024 WL 3634737 (S.D.N.Y. Aug. 1, 2024).

As discussed above, Sewell's allegations boil down to assertions that A-B InBev "manufactured" and "sold" the "Natural Ice" beer that caused him to develop cancer or that it "owne[d]" the "beer[-]selling company" that did so.  *See* Docket Item 14 at 2-4. Because Larson's affidavit directly refutes Sewell's allegations that A-B InBev *itself* manufactured or sold beer in New York or anywhere else, *see* Docket Item 29-3 at ¶ 6, the Court cannot exercise personal jurisdiction based on that first set of allegations.  But the Court still must decide whether it can exercise specific jurisdiction over A-B InBev as the "owner" of the company that sold the beer.  *See* Docket Item 14 at 3.

Sewell does not elaborate on the particular ownership interest that A-B InBev has or even identify the "beer[-]selling company" by name.  *See id.*  But Larson's affidavit confirms that A-B InBev is an "indirect corporate parent" of A-B LLC, which manufactures and sells beer.  Docket Item 29-3 at ¶¶ 3, 5-6.  So this Court assumes for the purposes of its decision here that Sewell sues A-B InBev as the parent of A-B LLC and that A-B LLC is the company that manufactured and sold the beer at issue.

"[A]llegations regarding the actions of a corporate subsidiary may sometimes be attributed to a parent corporation to establish specific jurisdiction over the parent" if there is "an agency relationship between the two entities."  *One Techs., LLC v. Amazon.com, Inc.*, 860 F. App'x 785, 787 (2d Cir. 2021) (summary order) (citing N.Y. C.P.L.R. § 302(a)).  "To be considered an 'agent' for purposes of [N.Y. C.P.L.R.

11

§] 302(a)," an entity "must have engaged in purposeful activities in [New York] . . . for the benefit of and with the knowledge and consent of the defendant[,] and the defendant must have exercised some control over the agent in the matter." *Serota v. Cooper*, 216 A.D.3d 1019, 1022, 190 N.Y.S.3d 96, 100 (2d Dep't 2023) (citations and internal quotation marks omitted); *Ingenito v. Riri USA, Inc.*, 89 F. Supp. 3d 462, 476-77 (E.D.N.Y. 2015).  "The critical factor is the degree of control the defendant principal exercises over the agent."  *Serota*, 216 A.D.3d at 1022, 190 N.Y.S.3d at 100; *see Grove Press, Inc. v. Angleton*, 649 F.2d 121, 122 (2d Cir. 1981) ("[B]efore an agency relationship will be held to exist under section 302(a)[], a showing must be made that the alleged agent acted in New York for the benefit of, with the knowledge and consent of, and under some control by, the nonresident principal.").

   Sewell has not established any agency relationship between A-B InBev and A-B LLC.  Instead, as already noted, the amended complaint contains nothing more than vague assertions that A-B InBev "owne[d]" the "beer[-]selling company."  Docket Item 14 at 3.  But "the bland assertion of conspiracy or agency is insufficient to establish jurisdiction" under section 302.  *Cleft of the Rock Found. v. Wilson*, 992 F. Supp. 574, 582 (E.D.N.Y. 1998).  And even if the Court liberally construes the amended complaint to allege that A-B LLC is A-B InBev's wholly-owned subsidiary, that is not enough to establish that the latter is the former's "agent."  *See Meehan v. VIPKid*, 2024 WL 277846, at *11 (E.D.N.Y. Jan. 25, 2024) (holding that plaintiff had not shown limited liability company to be agent of corporation where company was merely "an indirect wholly-owned subsidiary of [the corporation] that assist[ed] with certain operations for [that corporation]" (citations, emphasis, and internal quotation marks omitted)).  In other

words, the bare assertion that a corporation owns another company is not enough to make the latter an "agent" of the former under section 302.  *See id.*; *see also Gallelli v. Crown Imports, LLC*, 701 F. Supp. 2d 263, 275 (E.D.N.Y. 2010) (holding that "[t]he mere fact that [the defendant corporation wa]s a minority shareholder in aspects of the beer business, including, for the sake of argument, the business of bottle manufacture, [wa]s not enough to establish the control necessary to show an agency relationship" between the manufacturer and the corporation).

The Court therefore lacks both general and personal jurisdiction over A-B InBev.

## III.    LEAVE TO AMEND

Generally, a court "should not dismiss [a *pro se*] complaint"—or any of its claims—"without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).  Here, Sewell already has had one opportunity to amend his complaint.  *See* Docket Items 1 and 14.  What is more, although given an additional opportunity to do so, he failed to respond to A-B InBev's motion to dismiss. *See* Docket Item 43; *Schmelzinger v. City of Buffalo*, 2024 WL 1023840, at *9 (W.D.N.Y. Mar. 8, 2024) (declining to "grant leave to amend *sua sponte*" when plaintiff had "fail[ed] to respond to [the defendants'] motion to dismiss and for summary judgment").  The Court therefore dismisses Sewell's claims against A-B InBev and A-B Worldwide without leave to amend.

**CONCLUSION**

For the reasons stated above, A-B InBev's motion to dismiss for lack of personal jurisdiction, Docket Item 29, is GRANTED.  The Clerk of the Court shall remove A-B InBev and A-B Worldwide as defendants.  The case shall proceed against the remaining defendant, A-B LLC, consistent with the referral order of May 19, 2023, Docket Item 32.

SO ORDERED.

Dated:   September 3, 2024
         Buffalo, New York

 */s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE

14