UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CALVIN G. SEWELL,

        Plaintiff,

    v.                               21-CV-771-LJV-LGF
                                      DECISION & ORDER

ANHEUSER-BUSCH, LLC,

        Defendant.
_____

On June 25, 2021, the pro se plaintiff, Calvin G. Sewell, commenced this action alleging that beer produced by Anheuser-Busch InBev NA/SV ("A-B InBev"), Anheuser Busch Worldwide, Inc. ("A-B Worldwide"), and Anheuser-Busch, LLC ("A-B LLC") caused his colon cancer. *See* Docket Item 1; Docket Item 14 (amended complaint). Sewell also moved to proceed in forma pauperis (that is, as a person who should have the prepayment of the ordinary filing fee waived because he cannot afford it), Docket Item 2, and this Court granted that motion, Docket Item 3. On May 18, 2023, A-B InBev moved to dismiss the claims against it and A-B Worldwide for insufficient service of process and lack of personal jurisdiction.[1] Docket Item 29. This Court granted that motion, leaving only A-B LLC as a defendant in this action. *See* Docket Item 44.

---

[1] In its motion, A-B InBev also noted that there is no such company as A-B Worldwide. Docket Item 29-1 at 5-6.

**DISCUSSION**

On November 8, 2024, A-B LLC filed a suggestion of death stating that Sewell had passed away on July 5, 2024. Docket Item 48 at 2. A-B LLC subsequently filed a supporting letter that included a certified copy of Sewell's New York State Department of Health Death Certificate and additional facts demonstrating an "absence of any successor(s) and/or representative(s) of [Sewell]." Docket Item 49. Afterwards, mail sent to Sewell's Niagara Falls home was returned to this Court as undeliverable. *See* Docket Item 50. Similarly, A-B LLC served the suggestion of death on Sewell by mail, but the United States Postal Service returned it to AB-LLC's counsel as undeliverable with a stamp that read:

> RETURN TO SENDER
> DECEASED
> UNABLE TO FORWARD RETURN TO SENDER

*See* Docket Item 51-1 at 2.

A-B LLC now moves to dismiss Sewell's amended complaint under Federal Rule of Civil Procedure 25(a)(1). Docket Item 51. That rule provides that upon the death of a party, "[a] motion for substitution may be made by any party or by the decedent's successor or representative." Fed. R. Civ. P. 25(a)(1). But "[i]f the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." *Id.*

Here, as A-B LLC states, no motion for substitution under Rule 25(a)(1) was made by a "[r]elated or [q]ualified [p]arty" after Sewell's death, and well over 90 days have now elapsed. Docket Item 51-1 at 1. What is more, it appears from A-B LLC's submission that Sewell has no successor or representative who could make such a

motion. *See id.* This Court therefore dismisses all of Sewell's remaining claims under Rule 25(a)(1).

## **CONCLUSION**

For the reasons stated above, A-B LLC's motion to dismiss, Docket Item 51, is GRANTED. The Clerk of the Court shall close this case.

SO ORDERED.

Dated: November 24, 2025
       Buffalo, New York

     */s/ Lawrence J. Vilardo*
     LAWRENCE J. VILARDO
     UNITED STATES DISTRICT JUDGE